IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TROY ALAN LYNDON, | ) | CIVIL NO. 13-00367 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND DENYING PLAINTIFF'S |
| vs. | ) | APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYING FEES OR |
| SECURITIES AND EXCHANGE | ) | COSTS AS MOOT |
| COMMISSION, PUBLIC COMPANY | ) | |
| ACCOUNTING OVERSIGHT BOARD, | ) | |
| THE DEPOSITORY TRUST & | ) | |
| CLEARING CORPORATION, AND | ) | |
| FINANCIAL INDUSTRY REGULATORY | ) | |
| AUTHORITY, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

I.       **INTRODUCTION.**

On July 24, 2013, Plaintiff Troy Alan Lyndon filed a Complaint against the Securities and Exchange Commission ("SEC"), Public Company Accounting Oversight Board, Depository Trust & Clearing Corporation, and Financial Industry Regulatory Authority, Inc ("FINRA").  See ECF No. 1, ¶ 1.  Lyndon seeks a writ of mandamus requiring each of these organizations to perform nondiscretionary duties he says are owed to him pursuant to 28 U.S.C. § 1361.  Id. ¶ 40.

Lyndon has also filed an Application to Proceed Without Prepayment of Fees ("Application"), but has failed to demonstrate an inability to pay court fees.  See ECF No. 4.  The court has

screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the Application.  The court grants Lyndon leave to amend his Complaint.

**II.**       **BACKGROUND.**

Lyndon is the "voting control shareholder" of Left Behind Games Inc.  ECF No. 1 ¶ 9.  Lyndon first alleges that FINRA's Investor Education Foundation's publications and videos discriminate against faith- or religious-based ventures.  Id. ¶ 10.  Lyndon claims that, as a result of FINRA's allegedly discriminatory practices, at least one shareholder in his company has "lost all objectivity - missing more than one opportunity to recover his investment, despite the fact that he misrepresented himself to Plaintiff as an accredited investor."  Id. ¶ 11.

Next, Lyndon claims that FINRA, The Depository Trust & Clearing Corporation, and the SEC have willfully and intentionally covered up violations by a securities brokerage, Newbridge Securities ("Newbridge"), thereby causing irreparable harm to Lyndon and his investors.  Id. ¶¶ 28, 32.  Lyndon says he discovered the alleged violations by Newbridge on June 19, 2009.  Id. ¶ 18.  Newbridge clears its securities transactions through Legent Clearing LLC ("Legent").  Id. ¶ 19.  Lyndon alleges that Newbridge had:

> (1) spent 3 years accumulating [Lyndon company's stock] with their clients;

(2)traded in the stock as a market-maker
making plenty of cash; (3)accepted numerous
shareholders from [Lyndon's] clients; (4)
just 2 days ago, eliminated Gene's 38 million
share position; and (5) over the past week,
illegally disrupted our shareholder's ability
to sell their shares into the market, causing
them to lose millions of dollars in the past
week.

See Email from Lyndon to Newbridge and FINRA, attached as Exhibit

"A" to ECF No. 1.

Lyndon alleges that he included FINRA on his email

communications with Newbridge, thus making FINRA aware of

Newbridge's alleged violations. Id. ¶ 18. Lyndon alleges that

the Depository Trust and Clearing Corporation was made aware of

Newbridge's violations through Legent and that the Depository

Trust and Clearing Corporation settled the matter with Newbridge,

covered up Newbridge's violations, and failed to report

Newbridge's violations to any regulatory agency. Id. ¶ 24.

According to Lyndon, the SEC became aware of Newbridge's

violations when Lyndon filed a Form 8-K on June 24, 2009. Id.

¶ 30. (Companies must file a Form 8-K with the SEC to announce

major events that shareholders should know about.) Additionally,

Lyndon alleges that the SEC ignored his communication attempts

and even tried to mislead him by informing him that FINRA and the

Public Company Accounting Oversight Board were separate

organizations and that no contact information was available for

either organization. Id. ¶ 30.

Lyndon alleges that the Public Company Accounting Oversight Board intentionally performed actions that the organization knew would directly affect Lyndon and his company's shareholders by destroying Lyndon's ability to raise the necessary capital to operate his company at full capacity.  Id. ¶ 36.  Lyndon alleges that he was forced to declare Chapter 7 bankruptcy, which was fully discharged in 2012, as a result of actions by the SEC, Public Company Accounting Oversight Board, Depository Trust & Clearing Corporation, and FINRA.  Id. ¶ 9.

III.     ANALYSIS.

     A.   Lyndon Has Not Shown that He is Unable to Prepay
          Court Fees.

To proceed in forma pauperis, Lyndon must demonstrate that he is unable to prepay the court fees, and that his Complaint sufficiently pleads claims.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (applying in forma pauperis requirements to nonprisoners).

The Application indicates that Lyndon has $100.00 in cash or in a checking or savings account and owns a van valued at $11,000.00, with a lien loan of $10,000.00.  Lyndon's expenses include $675.00 per month for rent and approximately $400.00 per month for other bills.  Lyndon also pays $500.00 per month to his ex-wife, although he does not indicate whether that is pursuant to a divorce decree or other court order.  Although the Application indicates that Lyndon is unemployed, it also

4

indicates that he works as a part-time business coach.  Lyndon says his gross pay or wages total $1,500.00 per month, which means he receives about $18,000.00 per year.  According to the 2013 Federal Poverty Guidelines, the poverty guideline for a single individual residing in Hawaii is $13,230.00.  Thus, although Lyndon's expenses exceed his income, his yearly income is greater than the Federal Poverty Guideline.

The court concludes that absent information indicating that no adjustment of the payment to his ex-wife is possible, the court is unable to determine that Lyndon is a pauper.

> **B.    Lyndon's Complaint Fails to State a Claim on Which Relief May Be Granted.**

Even if Lyndon were a pauper, his Application would be denied because the Complaint does not sufficiently plead claims. Pursuant to 28 U.S.C. § 1915(e), the court subjects every in forma pauperis proceeding to mandatory screening and orders the dismissal of the complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126–27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Lyndon appears to ask the court for a writ of mandamus to compel Defendants to "perform their nondiscretionary duties,

[and] adopt policies improving and reducing corruption resulting from self-regulation." ECF No. 1, ¶ 1. Rule 81(b) of the Federal Rules of Civil Procedure abolishes the writ of mandamus in federal court procedure. See also Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967). However, under 28 U.S.C. § 1651, courts may issue writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus. Id. at 548. Further, under 28 U.S.C. § 1361, district courts have original jurisdiction over actions in the nature of mandamus seeking to compel officers or employees of the United States or any agency thereof to perform duties owed to plaintiffs.

Nonetheless, "[m]andamus is an extraordinary remedy granted in the court's sound discretion." Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004); Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003) (citing Miller v. French, 530 U.S. 327, 339 (2000)). Mandamus is only available to compel an officer of the United States to perform a duty if (1) the claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Id.; R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997); Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986). Even if these factors are satisfied, the district court may

exercise its discretion not to grant mandamus.  <u>Or. Natural Res.</u> <u>Council v. Harrell</u>, 52 F.3d 1499, 1508 (9th Cir. 1995).  Lyndon does not show that a writ of mandamus is appropriate for this action because he does not establish any of the factors required for a writ of mandamus.

　　　　Lyndon's pleadings also fall short of stating a valid claim.  Lyndon alleges discriminatory practices by FINRA and violations by the SEC, Public Company Accounting Oversight Board, Depository Trust & Clearing Corporation, and FINRA, but fails to provide sufficient factual bases for his claims.  For example, the allegations fail to clearly indicate how any specific Defendant's particular actions caused Lyndon harm.  Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp.</u> <u>v. Twombly</u>, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  <u>Id</u>. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009).  "Naked assertions devoid of further factual enhancement" that suggest

only a "mere possibility of misconduct" are not enough to state a claim for relief.  Id. at 698.

Although Lyndon's Complaint contains many allegations, most are conclusory and lack adequate factual support.  For example, Lyndon merely asserts that FINRA's publications and videos are discriminatory.  Lyndon does not provide sufficient factual support or description regarding the content of FINRA's publications and videos.

Nor is it enough to simply assert that Defendants failed to perform duties owed to Lyndon.  Lyndon states that they owed duties but is vague about the nature and scope of the alleged duties and silent as to the source of the duties.  It is, for example, difficult for the court to see what about Defendants' alleged actions was nondiscretionary.  This court dismisses Lyndon's Complaint for failing to state a cognizable claim upon which relief can be granted.

VI.      CONCLUSION.

The court dismisses the Complaint and denies the Application but grants Lyndon leave to amend his Complaint no later than August 30, 2013.  If Lyndon amends the Complaint, he must pay the applicable filing fee.  Failure to file an Amended Complaint and either submit a new Application making his pauper status clear or pay the applicable filing fee by August 30, 2013, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 7, 2013.



_/s/ Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

Lyndon v. Securities and Exchange Commission, et al.; Civil No. 13-00367 SOM/BMK;
ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYING FEES OR COSTS AS MOOT